■ AUDREY N. BENSLE, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40050.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation for highway purposes of lands in a rural community in the Town of Middletown aggregating some 0.328 acre, taken from claimant's parcel of 1.3 acres which was improved by a small house, upon which the taking did not encroach. The judgment must be reversed because of legal error and, also, as contrary to the weight of the evidence. The award, being greatly in excess of the State's expert's valuations necessarily rested in substantial part on the opinion evidence of claimant's expert. Although the oral decision announced by the trial court was couched in terms of "reasonable market value", it is clear from the amended decision that the court adopted the claimant's method of appraising separately the land and the building, the latter on the basis of reproduction cost less depreciation and other adjustments only in part explained; and the court thereupon finding separate and specific items of direct and consequential damage to the land and to the building, without regard to the rather evident fact that neither before nor after the taking could any substantial market value be assigned the house apart from the land upon which it stood. The case is parallel to *Guthmuller* v. *State of New York* (23 A D 2d 597), in which we said: "The property was not unique; it was not a specialty; and no reason was advanced upon the trial or in this court for reliance solely upon cost." (See, also, *Levine* v. *State of New York,* 24 A D 2d 524.) The State's expert also computed reproduction costs but, in addition, related his evaluation to two comparable sales, each one at $5,000. The respective before and after values proven were: By claimant, $16,000 and $6,500; and by the State, $5,750 and $5,050. Upon this proof the court found, in aggregate, a before value of $9,800 and an after value of $6,500, with resultant damage representing an amount in **excess of 33%** of the court's evaluation of the entire, improved property, on account of the taking of one third of an acre from the unimproved portion. Under all the circumstances, and in fairness to both parties, remittal, rather than an assessment of damages here, should be directed. Judgment reversed,

on the law and the facts and in the interests of justice, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.